UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ELLEN OGAIAN, individually and on
behalf of all others similarly situated,

                              Plaintiffs,

                -against-

BED BATH & BEYOND, INC., and
CHRISTMAS TREE SHOPS, INC.,

                             Defendants.
-----------------------------------------------------------------

12-cv-01273-PAC

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Bed Bath & Beyond, Inc. and Christmas Tree Shops, Inc. (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint herein as follows:

## INTRODUCTION

Defendants state that this introductory paragraph describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny such allegations.

## NATURE OF THE ACTION

1. Defendants state that paragraph 1 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants state that paragraph 2 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendants state that paragraph 3 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants state that paragraph 4 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants state that paragraph 5 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants state that paragraph 6 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants state that paragraph 7 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 7 of the Complaint.

## THE PARTIES

*Plaintiff*

8. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff Ellen Ogaian was employed by Christmas Tree Shops from on or about March 30, 2010 until on or about November 23, 2010.

*Defendants*

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Christmas Tree Shops operates over 70 stores. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants state that paragraph 13 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

15. Defendants state that paragraph 15 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## CLASS ACTION ALLEGATIONS

19. Defendants state that paragraph 19 describes the alleged nature of this action, to which no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

39. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)
### (Brought on Behalf of Plaintiffs and all FLSA Collective Action Members)

48. Defendants incorporate by reference their responses to paragraphs 1–47.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants state that paragraph 50 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants state that paragraph 51 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants state that paragraph 52 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants state that paragraph 53 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants state that paragraph 54 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

**SECOND CAUSE OF ACTION**
**(New York Labor Law: Unpaid Overtime Wages)**
**(Brought on Behalf of Plaintiff and all Class Members)**

60. Defendants incorporate by reference their responses to paragraphs 1–59.

61. Defendants state that paragraph 61 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants state that paragraph 62 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

**THIRD CAUSE OF ACTION**
**(New York Labor Law: Failure to Comply)**
**(With Notice and Record Keeping Requirements)**
**(Brought on Behalf of Plaintiff and all Class Members)**

66. Defendants incorporate by reference their responses to paragraphs 1–65.

67. Defendants state that paragraph 67 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual

allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants state that paragraph 68 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants state that paragraph 69 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.     Defendants state that paragraph 70 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     Defendants state that paragraph 71 sets forth conclusions of law, not allegations of fact, such that no response is required. To the extent this paragraph contains any factual allegations inconsistent with this Answer or any affirmative defenses, Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

Defendants state that the remaining paragraphs of the Complaint contain prayers of relief, not allegations of fact, such that no response is required. To the extent that a response is required, Defendants deny the allegations contained in the remaining paragraphs of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred in whole or in part because Defendants have complied with all applicable statutes and regulations, including without limitation the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and the New York Labor Law Article 19, §§ 650 *et seq*.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred in whole or in part because Defendants had reasonable grounds to believe in good faith that they was not violating the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred in whole or in part because Defendants' alleged violations or actions were not intentional or willful.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs' claims are barred in whole or in part because Defendants did not maintain a systemic or common policy or practice to misclassify employees as exempt under the FLSA.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs claims are barred in whole or in part because Plaintiffs were exempt under Section 13(a)(1) of the FLSA and applicable regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing and/or are not "similarly situated" to any of the putative class members.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiffs' claims are barred in whole or in part by the doctrines of laches, unclean hands, and avoidable consequences.

Bed Bath & Beyond, Inc. and Christmas Tree Shops reserve the right to amend this Answer and add additional defenses.

WHEREFORE, Defendants Bed Bath & Beyond, Inc. and Christmas Tree Shops respectfully pray for:

1. Entry of judgment denying Plaintiffs all relief prayed for in Plaintiffs' Complaint;

2. Entry of judgment that Bed Bath & Beyond, Inc. and Christmas Tree Shops recover their costs and attorneys' fees incurred in this action; and

3. Such other and further relief as the Court may deem just and proper.

Dated:   October 15, 2012

                              **GREENBERG TAURIG, LLP**

                              By: /s/   Jonathan L. Sulds
                              Jonathan L. Sulds (JS-4674)
                              MetLife Building
                              200 Park Avenue, 34th Floor
                              New York, New York 10166
                              Telephone: (212) 801-9200
                              suldsj@gtlaw.com
                              *Attorney for Defendant*

                                  **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 15, 2012.

                                        /s/   Jonathan L. Sulds